411 So.2d 273 (1982)
Edward A. McCORVEY and Peacho McCorvey, Appellants,
v.
Zac Steven SMITH, State Farm Mutual Automobile Insurance Company and Joe Morris Funeral Home, Appellees.
No. AD-71.
District Court of Appeal of Florida, First District.
March 11, 1982.
Rehearing Denied April 6, 1982.
Charles J. Kahn, Jr., of Levin, Warfield, Middlebrooks, Mabie & Magie, Pensacola, for appellants.
Donald H. Partington of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellees.
McCORD, Judge.
Appellants appeal the trial court's order and final judgment dismissing his amended complaint against appellee Joe Morris Funeral Home. The complaint was dismissed with prejudice because appellants informed the trial court that they had no further amendments to make. We affirm.
The amended complaint alleged as follows: On June 29, 1979, appellee was conducting and leading a funeral procession on Chase Street, near its intersection with Davis Street, in Pensacola, Florida. Appellant Edward McCorvey was driving his car in the procession. Agents of appellee funeral home organized the procession and instructed drivers to turn on their lights. The procession was led by two vehicles operated by agents of appellee which other vehicles in the procession were to follow. As the procession approached Davis Street, the *274 driver of the lead vehicle, an agent of appellee, eased his vehicle out onto Davis Street and motioned for vehicles traveling north on Davis Street to stop. After several vehicles on Davis Street had stopped, the lead car proceeded across Davis Street, and other cars in the funeral procession followed. Appellant observed the agent of appellee actively engaged in the act of directing or controlling the traffic on Davis Street. After stopping the vehicles on Davis Street and proceeding across it, appellee's agent left the intersection unprotected. Appellant relied upon appellee to conduct the funeral possession in a safe and proper manner, and he was led to believe that it was safe to proceed behind the lead vehicle. Appellee owed a duty of reasonable care to participants in the funeral procession to provide for their safety. By engaging in the act of directing or controlling northbound traffic on Davis Street, appellee assumed a duty to use reasonable care to the participants in the procession. Appellee breached its duty of reasonable care by failing to provide adequate protection for the participants and by failing to advise the participants that it would not continue to direct the traffic on Davis Street. As a result of appellee's negligence, a vehicle traveling on Davis Street collided with appellants' vehicle at the intersection.
The trial court was correct in dismissing the amended complaint. It did not state a cause of action against appellee funeral home. Florida law does not impose upon a funeral director the duty of care alleged by appellants. Section 316.1974, Florida Statutes, provides in pertinent part:
(2) Pedestrians and the operators of all vehicles, except emergency vehicles, shall yield the right of way to each vehicle which is a part of a funeral procession. Whenever the lead vehicle in a funeral procession lawfully enters an intersection, the remainder of the vehicles in such procession may continue to follow the lead vehicle through the intersection notwithstanding any traffic control device or right of way provisions prescribed by statute or local ordinance, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway. (Emphasis supplied.)
Here, the funeral director in the lead car merely undertook to get the procession started through the Davis Street intersection. This action on his part did not impose a duty upon him to see that all cars following him in the procession crossed the intersection safely. The above statute imposes a duty to exercise due care to avoid a collision upon the operator of each vehicle following the lead car. It does not purport to extend that duty to the funeral director.
AFFIRMED.
ERVIN and SHAW, JJ., concur.