488 So.2d 1257 (1986)
John W. PICKETT, Individually and as the Administrator of the Estate of Althea A. Pickett
v.
JACOB SCHOEN & SON, INC. and Insurance Company of North America.
No. CA-4216.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Jerome M. Volk, Jr., DeMartini, LeBlanc & D'Aquila, Kenner, for appellant.
Frederick R. Campbell, Lisa J. Miley, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for appellees.
Before REDMANN, C.J., and GULOTTA, KLEES, LOBRANO and BYRNES, JJ.
LOBRANO, Judge.
Plaintiff, John W. Pickett, appeals the dismissal of his suit by the trial court on a motion for summary judgment filed by defendant Jacob Schoen and Son, Inc., and its insurer, Insurance Company of North America.
The pertinent facts are as follows. This suit was filed as a result of a two car intersectional collision which occurred on December 15, 1982 at approximately 11:40 a.m. Mr. Pickett and his wife were proceeding down Airline Highway as part of a funeral procession en route to the Garden of Memories Cemetery. The funeral was for Mrs. Pickett's sister.
As Mr. Pickett's vehicle reached the intersection of Turnbull and Airline, the traffic signal hanging above the intersection turned yellow. Mr. Pickett continued on a yellow light, which turned red after he entered the intersection, and the collision occurred with a car heading north on Turnbull. The funeral procession had been traveling in the center lane of traffic, with the cars lined up behind the hearse with their lights on.
Mrs. Pickett sustained serious injuries in the accident, and subsequently died. Mr. Pickett instituted these proceedings against Schoen and its insurer alleging a breach of duty in failing to suggest, offer *1258 or provide an escort for the procession, or in failing to advise the participants of the proper rules of the road for an unescorted procession.
Schoen filed a motion for summary judgment arguing that the deposition of Mr. Pickett, and the affidavits on file clearly show that there was no such duty on its part. They further argue that even if there exists such a duty, any breach by Schoen was not a cause in fact of the accident.
Mr. Pickett countered with the affidavit of Mr. Berniard, who arranged the funeral for his wife, and the affidavit of Police Officer Warren Becnel.[1] Mr. Berniard stated that he relied on the experience of Schoen to make all the arrangements for the funeral and the procession, and acknowledged that Schoen did not advise participants that it would be necessary to obey traffic signals during the procession. He also stated that during his adult years he has observed that participants in funeral processions normally do not stop for red lights in the New Orleans area, and normally participants rely upon the use of headlights to signify participation in a funeral procession. Officer Warren Becnel stated that in his experience, funeral homes and funeral directors make all arrangements for the securing of motorcycle escorts for funeral processions.
There is no dispute that the procession was in fact unescorted, and that Mr. Berniard did not request one.
The trial court granted Schoen's motion, and this appeal followed.
A motion for summary judgment is proper only if the pleadings, depositions and affidavits show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.Pro. Art. 966; Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981).
As a general rule, the summary judgment procedure is seldom appropriate in negligence cases where a decision turns on whether or not defendant's conduct constitutes a tort. Bertrand v. Howard Trucking Co. Inc., 406 So.2d 271 (La.App. 3rd Cir.1981), writ denied, 410 So.2d 763. However, there have been negligence cases where summary judgment was appropriate. Acosta v. Dardar, 379 So.2d 820 (La.App. 4th Cir.1980), writ denied, 381 So.2d 508.
The issues argued in this case in support of Schoen's motion are lack of a duty and lack of a casual connection with the accident.
Schoen cites the cases of Hill v. Lundin, 260 La. 542, 256 So.2d 620 (1972), and Dunne v. Orleans Parish School Board, 463 So.2d 1267 (La.1985) for the well recognized principles of the duty-risk analysis in our tort law. We first observe that the ultimate determination in both was decided after a trial on the merits. The holdings required a review of the totality of the circumstances of each. Second, we observe that "[w]hether a legal duty is owed by one party to another depends on the facts and circumstances of the case and the relationship of the parties." Seals v. Morris, 410 So.2d 715 (La.1981), at 718. The reasonableness of measures taken to prevent a risk, as well as the risks themselves differ in each case and requires a trial judge to consider the relationship between those risks and any measure to eliminate them. See, Johnson v. Ouachita Parish Police Jury, 353 So.2d 1114 (La.App. 2nd Cir. 1978).
A duty can be based on a statute or ordinance, or a jurisprudential rule of law. The policy considerations which motivate a *1259 legislative body to establish a rule of law are basically the same consideration which a court applies in making a determination of whether a duty exists. Wright v. O'Neal, 427 So.2d 852 (La.1983). In Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1194, this Court reversed a summary judgment where defendant's question of liability was factual. See also, Pellegal v. Dureau, 427 So.2d 55 (La.App. 4th Cir. 1983).
Based on the record before us, we cannot say as a matter of law that a funeral director has no duty to those who participate in a funeral procession arranged by him to prevent the risks encompassed by the facts of this case. The affidavits of Officer Becnel and Mr. Berniard, at the very least, raise issues of material fact in this Court's mind as to what risks a "reasonable man" funeral director in the New Orleans area should foresee in conducting a funeral procession, and what measures he may or should take to prevent them. This factual question precludes the use of summary judgment.
Schoen also argues that, even assuming if it is found that they owe a duty to prevent the risk encountered in this case there is still a lack of causal connexity between a breach of that duty and the resulting accident. We disagree. A determination of causation cannot be made until the specifics of a duty are determined. As previously stated, this Court cannot say there is no duty, nor can we establish a specific duty until all the evidence is before us. In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment. Sanders v. Hercules Sheet Metal Inc., 385 So.2d 772 (La.1980).
We do not suggest that plaintiff can or should prevail on the merits of this case. We simply hold that summary judgment is not proper.
REVERSED AND REMANDED.
REDMANN, C.J., and GULOTTA, J., dissent with reasons.
REDMANN, Chief Judge, and GULOTTA, Judge, dissenting.
The majority reasons that "the affidavits of Officer Becnel and Mr. Berniard ... raise issues of material fact ... as to what risks a `reasonable man' funeral director in the New Orleans area should foresee in conducting a funeral procession, and what measures he may or should take to prevent them. This factual question precludes the use of summary judgment."
We disagree. The defendants do not dispute any of the facts set forth in the affidavits and depositions of Officer Becnel and Mr. Berniard. Defendant funeral director also does not dispute that it knows that there are risks of intersectional collisions because of the New Orleans practice of driving through red lights when in a funeral procession.
What is in dispute is a question, not of fact, but of law: whether the reasonably prudent funeral director has a duty to do something about those risks, and, if so, whether defendant funeral director breached that duty and thereby caused plaintiff to have the intersectional collision that killed his wife.
We are at a loss to ascertain what a reasonably prudent funeral director could do about these risks. The means suggested (that procession drivers be furnished with written information of signal light violation hazards, or that an option be afforded to the family of the decedent by the director to have and for the family to pay for a police escort, or that a sufficient and adequate police escort be furnished for every funeral) are neither reasonable nor practical. If, indeed, a duty is to be placed on a funeral director, this is a legislative function, not a judicial one.
Accordingly, failing to find the existence of a duty, we would affirm the judgment dismissing plaintiff's suit on summary judgment.
NOTES
[1] Officer Warren Becnel is a New Orleans Police Officer in charge of the special motorcycle police escort division.