OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by denying defendant Daniel George and Son Funeral Home, Inc.’s motion for summary judgment, and, as so modified, affirmed.
On October 24, 1981, plaintiffs Anthony and Anne Maida were driving their car in a funeral procession which started at the Daniel George and Son Funeral Home, Inc. (Daniel George) and was to proceed to Pine Lawn Memorial Park and Cemetery (Pine Lawn). The Maida’s vehicle was the third vehicle in a procession of eight or nine cars following a hearse driven by Daniel George, Jr., the manager of Daniel George Funeral Home, and a limousine, which was arranged for by the funeral home. Upon entering the cemetery, plaintiffs, following the procession on Pinelawn Memorial Road, stopped at a stop sign at the intersection of Pinelawn Memorial Road and Wellwood Avenue, a four-lane road which bisects the cemetery. Plaintiff Anthony Maida saw a vehicle driven by defendant Michael Velella traveling southbound along Well-wood Avenue but nevertheless continued into the intersection because he thought that he had sufficient time to pass through safely. The oncoming Velella car was not able to stop and struck plaintiffs’ vehicle in the intersection. Plaintiffs were seriously injured.
Plaintiffs sued both Daniel George and Pine Lawn. Each defendant moved to dismiss the complaint as against it or, in the alternative, for summary judgment. In opposition to these motions, plaintiffs alleged that they were unable to clear the intersection to avoid the oncoming car because the cars ahead of plaintiff in the procession had stopped and as a result the plaintiffs’ car was struck.
*1028 The Appellate Division correctly held that Pine Lawn’s motion for summary judgment should be granted. Pine Lawn had not undertaken to lead the procession and it had no other relationship with plaintiffs which required it to protect them from the conduct of those leading the procession or of others on public roadways (see, Pulka v Edelman, 40 NY2d 781, 783).
We reach a different result, however, with respect to Daniel George. As the majority below correctly noted, Daniel George, by undertaking to lead the funeral procession, "clearly owed a duty to refrain from creating an unreasonably hazardous situation for those participating in the procession” (124 AD2d, at 563). Whether that duty was breached in stopping the procession before all the cars had crossed Wellwood Avenue, whether such breach was a proximate cause of the accident, and whether defendant could reasonably foresee the consequences of its actions cannot be determined from the papers submitted. Based on the record before us, summary judgment should not have been granted (see, Ugarriza v Schmieder, 46 NY2d 471, 474).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to plaintiffs against defendant Daniel George and Son Funeral Home, Inc., in accordance with the memorandum herein and, as so modified, affirmed, with costs to defendant Pine Lawn Memorial Park and Cemetery against plaintiffs.