DANIEL, Judge.
The Bank of Central Florida appeals a dismissal with prejudice of its complaint against Earl and Norma Fisher and the entry of summary judgment in the Fishers’ favor on their counterclaim. The bank argues that its complaint stated a cause of *456 action and should not have been dismissed. We agree and reverse. Because the summary judgment was predicated on the dismissal of the complaint, we also reverse the summary judgment and remand the case for further proceedings.
In 1987, Zellwood Farmers Market, Inc. defaulted on a $25,000 loan from the bank. The promissory note securing the obligation identified Zellwood Farmers Market, Inc. as the borrower and was signed twice by Zellwood’s president Earl Fisher and vice president Deborah Ray and once by Fisher’s wife Norma and Ray’s husband Ronald. The bank filed suit against Zell-wood, the Fishers and the Rays to recover on the note. The bank also seized the Fishers’ personal savings account and certificate of deposit for use as a setoff against the amount due under the note. In their counterclaim against the bank, the Fishers alleged that they had signed the note only in their representative capacity as officers of Zellwood and accordingly the bank had no right of setoff against their personal accounts.
The bank then filed its second amended complaint which alleged that Earl Fisher and Deborah Ray were officers of Zell-wood, that Earl Fisher and Deborah Ray signed the note of behalf of Zellwood and that the Fishers and the Rays also individually signed and were co-makers of the note with Zellwood. The trial court found that the promissory note was unambiguous and showed a clear intent on behalf of the bank and the parties that the Fishers and the Rays were signing only in their representative capacities. Accordingly the trial court granted the Fishers’ motion to dismiss the second amended complaint with prejudice. The Fishers then moved for summary judgment on their counterclaim alleging that the dismissal eliminated any liability on their part under the note and extinguished any right to the savings account and certificate of deposit by the bank. The trial court held that in light of its prior ruling, the bank was not entitled to a setoff and ordered the return of the funds in the savings account and the certificate of deposit to the Fishers.
For the purposes of a motion to dismiss for failure to state a cause of action, the allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla.1983). Here the bank alleged that Earl Fisher and Deborah Ray signed the note in their representative capacity. The bank also alleged that the Fishers and the Rays had signed in their individual capacities as co-makers of the note. Taken as true, these allegations clearly state a cause of action against the Fishers individually. See Havatampa Corporation v. Walton Drug Company, Inc., 354 So.2d 1235 (Fla. 2d DCA 1978). Although the Fishers may eventually establish that they are not personally liable on the note,[1] they have not done so at this stage and the complaint should not have been dismissed. See Fincher Motors, Inc. v. Carriage Trade Auto Brokers, 421 So. 2d 673 (Fla. 3d DCA 1982) (although maker may eventually establish that he was not personally obligated to payee on instrument, maker had not done so within complaint and therefore dismissal of the complaint was error). Since the complaint should not have been dismissed, the trial court erred in entering summary judgment on the Fishers’ counterclaim because the bank may be entitled to use the savings account and certificate of deposit if the Fishers are individually liable on the note.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.

. See § 673.403(2), Fla.Stat. (1987).