# C.G. GULF PROPERTY ASSOCIATES, L.P. v KAMBANIS d/b/a SIGNATURES

County Court, Volusia County

August 23, 1989

## APPEARANCES OF COUNSEL

**Charles T. Moore,** for plaintiff.

**Steven T. Vasilaros,** for defendant.

## OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on July 17, 1989 for a hearing on Defendant's Motion to Dismiss. This Court, upon consideration of counsels' argument, the instrument involved, submitted case authority and further research, finds as follows:

Plaintiff sues for damages based on an alleged breach of a shopping center lease. The defense filed a Motion to Dismiss seeking the dismissal of the suit as to Kathryn Kambanis alleging Signatures is a corporation and defendant Kambanis signed only in her representative capacity.

The face sheet of the shopping center lease indicates the following:

CG Gulf Properties Associates, LP,

Landlord

and

Kathryn Kambanis d/b/a Signatures,

Tenant

The "reference date and certain definitions" section of the lease indicates the following:

Tenant: Kathryn Kambanis

Tenants Trade Name at Center: Signatures
260 N. Halifax Dr.
Ormond Beach, Florida
32074

The execution page contains the following:

Tenants

Signatures
By: *Kathryn Kambanis*
Its *President*

Underlined material indicates non-printed material, i.e., handwriting.

The only indication that "Signatures" is a separate legal entity is by the handwritten designation of President after Defendant Kambanis' signature. It is also clear, at least in the Uniform Commercial Code context, that the word "by" preceding the defendant's signature on a note, without more on the face of the note, does not show that the defendant signed in a representative capacity. See *Giacalone v Bernstein,* 348 So.2d 679 (Fla. 3d DCA 1977).

The allegations of a complaint, when raised by a Motion to Dismiss for failure to state a cause of action, are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. *Ralph v City of Daytona Beach,* 471 So.2d 1 (Fla. 1983) and *Bank of Central Florida v Zellwood Farmers Market, Inc.,* 543 So.2d 455 (Fla. 5th DCA 1989).

The debtor in *In Re Brooks,* 4 B.R.237 (S.D. Fla. 1980) while acting in his capacity as president of Brooks Home Improvement, Inc. entered into a contract to construct an addition to the plaintiff's house. The corporation subsequently defaulted and failed to perform under the

**155**

contract. Plaintiffs filed suit against the corporation and the debtor, individually. In settlement of the pending dispute, the debtor signed a promissory note as follows: "Gerald F. Brooks, Pres.".

The Court found that there was nothing on the face of the note, other than the abbreviation for president to negative the debtors personal liability. The corporation was found not to be liable; the debtor was liable. There is not a clear indication, in the instant case, that "Signatures" is a separate legal entity that can be represented. Thus the facts herein do not differ from the facts in *Brooks.* See also *Havatampa Corp. v Walton Drug Co., Inc.,* 354 So.2d 1235 (Fla. 2d DCA 1978) and *Manufacturers' Leas., Ltd. v Florida Dev. & Att.,* 330 So.2d 171 (Fla. 4th DCA 1976).

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that Defendant's Motion to Dismiss is denied.