652 So.2d 427 (1995)
Kathleen HUTT, etc., et al., Appellant,
v.
Hazel NICHOLS, et al., Appellee.
No. 94-1277.
District Court of Appeal of Florida, Fifth District.
March 17, 1995.
Melvin B. Wright of Morgan, Colling & Gilbert, P.A., Orlando, for appellants.
Marybeth McDonald, Orlando, for appellees.
W. SHARP, Judge.
Hutt and her husband appeal from a final order dismissing their amended complaint in a lawsuit filed by them to recover damages suffered in an automobile accident. The dismissal was granted as to the funeral director, Park Memorial Chapel, Powell-Weber Funeral Services Inc. f/k/a Burkett-Weber Funeral Services Inc. based on the authority of McCorvey v. Smith, 411 So.2d 273 (Fla. 1st DCA 1982) and section 316.194, Florida Statutes. We reverse but certify a conflict with McCorvey.
The acid test in this case is whether or not the Hutt's amended complaint states a cause of action against the funeral director, giving the benefit of all inferences and facts pled, in favor of the pleader.[1] The allegations of the amended complaint are quoted below:
24. While the funeral procession was leaving the premises operated by Union Park Memorial, an employee of Union Park Memorial was standing and directing the vehicles onto the roadway.
25. During the years past, Union Park Memorial has retained the gratuitous *428 services of the Orange County Sheriff's Department at no charge to direct traffic and/or provide escort services from the funeral home through minor and major intersections to the cemetery.
26. At the time of the accident described herein, the Orange County Sheriff's Department had ceased offering traffic direction or escort services to Union Park Memorial as a policy decision made by a new administration and new sheriff.
27. The subject accident occurred at a major intersection heavily travelled by motor vehicles in all directions on Dean Road and on State Road 50.
28. Union Park Memorial had in the past utilized the services of the Orange County Sheriff's Department to direct and control traffic at said intersection during funeral processions for the safety of all motorists.
29. Defendant, Union Park Memorial, was negligent in one or more of the following ways:
A. Defendant, Union Park Memorial, failed to properly supervise the funeral procession;
B. Defendant, Union Park Memorial, failed to provide an escort service and/or traffic director at the major intersection where the accident occurred so as to decrease the likelihood of such an accident and to prevent such an accident from occurring;
C. Defendant, Union Memorial park failed to advise all funeral participants, including plaintiff, of the potential risk in traffic, failed to advise of their escort practices, failed to advise of their traffic direction practices, and failed to provide warnings on major intersections that the funeral procession would be travelling through, as well as failing to provide instructions for the funeral procession and directions to the destination of the funeral procession;
D. Defendant, Union Park Memorial, failed to provide adequate information, instructions, warnings, and protection for the funeral participants by failing to provide them with escort services and/or instructions for traffic procession, leaving the participants unprotected and alone to find their way to the cemetery/destination and encouraging funeral participants to `keep up' with the remainder of the funeral procession regardless of traffic control devices in route to the destination and despite the lack of traffic directing at major intersections;
E. Defendant, Union Park Memorial, failed to provide any type of recommendations, instructions, or warnings for travel and traffic flow to or from the cemetery/destination of said funeral procession.
F. Off-duty law enforcement officers were available for hire to provide escort or traffic direction services for said funeral processions, but Union Park Memorial did not retain said services on the date of the accident;
G. The Florida Highway Patrol was available for hire to provide escort or traffic direction services for said funeral procession and does provide traffic direction for churches in the Orlando area on major heavily travelled roadways at the request of churches, but Union Park Memorial did not retain or attempt to retain their services.
H. Private escort services were available for hire by Union Park Memorial at the time of the accident but were not retained by Union Park Memorial.
30. Defendant, Union Park Memorial, was negligent in the foregoing manner despite its knowledge that the funeral was being attended by guests unfamiliar with the geographic area where the accident occurred and despite its familiarity with the are and the knowledge that the intersection was heavily travelled and its knowledge that all vehicles in the funeral procession could not pass through the intersection during one cycle of the green light for traffic on State Road 50.
In our view, the amended complaint should not have been dismissed for failure to state a cause of action. Its dismissal is only *429 proper if the funeral director as a matter of law, owed no duty to Hutt (one of the participants in the funeral procession) to see that the vehicle in which she was riding made it safely across a major intersection heavily travelled by motor vehicles in all directions after the light turned red. The complaint set out that the funeral director was sufficiently acquainted with the intersection and the length of the funeral procession, to have foreknowledge that not all of the cars would make it across the intersection with a green light. Hutt further alleged the local police were no longer providing escort services for such processions as they had in the past, and that the funeral director made no effort to do so, even at this dangerous intersection, and further, it did not warn the participants about the dangers of entering the intersection against a red light.
If McCorvey v. Smith, 411 So.2d 273 (Fla. 1st DCA 1982) stands for the proposition that section 316.1974, Florida Statutes, relieves a funeral director of any duty in these regards to participants in funeral processions, as apparently the trial judge in this case perceived it, then we think that case was wrongly decided. That statute provides:
(2) Pedestrian and the operators of all vehicles, except emergency vehicles, shall yield the right-of-way to each vehicle which is a part of a funeral procession. Whenever the lead vehicle in a funeral procession lawfully enters an intersection, the remainder of the vehicles in such procession may continue to follow the lead vehicle through the intersection, notwithstanding any traffic control device or right-of-way provision prescribed by statute or local ordinance, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway.
That statute does not address the existence vel non of a funeral director's duty to use care in planning and leading a funeral procession in such a manner that minimizes reasonably anticipated risks to those participating in the procession. That duty might encompass planning the safest route to the cemetery by not crossing heavily traveled intersections with a long procession of cars. One should anticipate in such an instance that not all the cars in the long procession would have time to cross with a green light. Perhaps the funeral director could have planned the route so there were only right hand turns. Or if it were absolutely necessary to cross a heavily traveled intersection, some type of escort or crossing guard should have been provided. The statute quoted above does not address that duty. It only purports to give a participant in a funeral procession the right-of-way against a red light or other traffic control device, provided caution is exercised.
The allegations in this complaint present a situation in which the appellee funeral director had a duty to the appellant, which may have been breached. Others involved in the accident, including the appellant, may share a degree of blame or negligence for causing the accident. But to say the organizer and leader of the procession has none at all, is wrong. Everyone who drives in today's traffic knows how dangerous it is to cross a heavily traveled intersection against a red light. Even emergency vehicles who also have a special right-of-way against a red light,[2] take special precautions before crossing against on coming traffic, and are not infrequently involved in accidents. It is hazardous at best, and this hazard was better known to the funeral director, who planned and organized the procession, than to an out-of-town visitor, like appellant.
There are apparently no Florida cases on point other than McCorvey. Two out-of-state cases, however, are persuasive. In Maida v. Velella, 69 N.Y.2d 1026, 517 N.Y.S.2d 912, 511 N.E.2d 56 (1987), the court held that summary judgment for a funeral home should not have been entered in a case where the funeral home undertook to lead a funeral procession. The court said the funeral home owned a duty "to refrain from creating an unreasonably hazardous situation for those participating in the procession." 517 N.Y.S.2d at 913, 511 N.E.2d at 57. Similarly in Pickett v. Jacob Schoen & Sons, Inc. *430 488 So.2d 1257 (La. App. 4th Cir.1986), the court reversed a summary judgment for a funeral director. It held that a question of fact existed as to whether the funeral director had a duty to those in the procession to prevent risks of collisions at intersections crossed by the procession, stating:
The affidavits of Officer Becnel and Mr. Berniard, at the very least, raise issues of material fact in this Court's mind as to what risks a `reasonable man' funeral director in the New Orleans area should foresee in conducting a funeral procession, and what measures he may or should take to prevent them.
Pickett at 1259.
In our view the allegations of the complaint, when read with all inferences favorable to the pleader as we must do,[3] is sufficient to charge the appellee with subjecting the appellant to an unreasonably hazardous traffic situation by leading the funeral procession through this dangerous intersection without safeguards or warnings. An accident in this intersection was reasonably foreseeable under these circumstances. For these reasons we reverse and remand for further proceedings, but we recognize a conflict with McCorvey.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972); Bank of Central Florida v. Zellwood Farmers Market, Inc., 543 So.2d 455 (Fla. 5th DCA 1989).
[2] § 316.072(5), Fla. Stat. (1993).
[3] Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 858 (Fla. 4th DCA 1989); Poulous v. Vordermeier, 327 So.2d 245, 246 (Fla. 4th DCA 1976).