670 So.2d 64 (1996)
UNION PARK MEMORIAL CHAPEL, et al., Petitioner,
v.
Kathleen HUTT, etc., et al., Respondents.
No. 85558.
Supreme Court of Florida.
March 21, 1996.
*65 Douglas L. Stowell of Stowell, Anton & Kraemer, Tallahassee, for Petitioner.
Melvin B. Wright of Morgan, Colling & Gilbert, P.A., Orlando, for Respondents.
KOGAN, Justice.
We have for review Hutt v. Nichols, 652 So.2d 427 (Fla. 5th DCA 1995), which certified conflict with McCorvey v. Smith, 411 So.2d 273 (Fla. 1st DCA 1982), on the issue of whether a funeral director has a duty to the members of a funeral procession. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we hold that a funeral director who voluntarily undertakes to organize and lead a funeral procession owes a duty of reasonable care to procession participants.
Kathleen Hutt and her husband brought suit against Union Park Memorial Chapel (Union Park) for injuries sustained by Ms. Hutt as a result of an automobile accident she was involved in while a member of a funeral procession allegedly supervised by Union Park.[1] The parties stipulated that Ms. Hutt was traveling through a red light at the time of the collision and that her vehicle headlights were on, as required by section 316.1974(3), Florida Statutes (1991).
In their amended complaint, the Hutts allege that Union Park "had a duty and/or assumed a duty to operate and supervise said funeral procession with due regard for the safety of [Hutt], a member of the funeral procession." They further allege that Union Park was negligent in: failing to properly supervise the funeral procession; failing to provide an escort service and/or traffic director at the major intersection where the accident occurred; failing to advise the funeral participants about potential traffic risks and about Union Park's escort practices; and failing to provide instructions for the funeral procession or directions to the cemetery.[2]
*66 On Union Park's motion, the trial court dismissed the Hutts' complaint with prejudice for failure to state a cause of action. In dismissing the complaint, the trial court relied on the First District Court of Appeal's decision in McCorvey. On similar facts, the McCorvey court appears to hold that a funeral director owes no duty to members of a funeral procession because section 316.1974, Florida Statutes, does not impose such a duty. 411 So.2d at 274.
On appeal, the district court in this case reversed, concluding that when read with all inferences favorable to the Hutts, their complaint alleges sufficient facts to establish a duty on the part of Union Park. 652 So.2d at 430. The district court determined that if McCorvey, "stands for the proposition that section 316.1974, Florida Statutes, relieves a funeral director of any duty ... to the participants in funeral processions ... that case was wrongly decided." Id. at 429. The court reasoned that the statute does not address a funeral director's duty to use due care in planning and leading a funeral procession. Id. However, the district court certified conflict with McCorvey.
We agree with the district court below that the "allegations in this complaint present a situation in which [Union Park] had a duty to [Hutt], which may have been breached. Others involved in the accident, including [Hutt], may share a degree of blame or negligence for causing the accident. But to say the organizer and leader of the procession has [no duty] at all, is wrong." 652 So.2d at 429; accord Maida v. Velella, 69 N.Y.2d 1026, 517 N.Y.S.2d 912, 511 N.E.2d 56, 57 (1987) (finding that a funeral home "by undertaking to lead the funeral procession, `clearly owed a duty to refrain from creating an unreasonably hazardous situation for those participating in the procession'").
First, we agree with the court below that section 316.1974[3] "does not address the existence velnon of a funeral director's duty to use care in planning and leading a funeral procession in such a manner that minimizes reasonably anticipated risks to those participating in the procession." Hutt, 652 So.2d at 429. Indeed, the statute is silent as to a funeral director's duty and "only purports to give a participant in a funeral procession the right-of-way against a red light or other traffic control device, provided caution is exercised." Id. The statute neither imposes nor relieves a funeral director of a duty in connection with a funeral procession. However, the mere fact that a funeral director has no statutorily imposed duty to use due care in planning and leading a procession does not end our inquiry.
It is clearly established that one who undertakes to act, even when under no obligation *67 to do so, thereby becomes obligated to act with reasonable care. See Slemp v. City of North Miami, 545 So.2d 256 (Fla.1989) (holding that even if city had no general duty to protect property owners from flooding due to natural causes, once city has undertaken to provide such protection, it assumes the responsibility to do so with reasonable care); Banfield v. Addington, 104 Fla. 661, 667, 140 So. 893, 896 (1932) (holding that one who undertakes to act is under an implied legal duty to act with reasonable care to ensure that the person or property of others will not be injured as a result of the undertaking); Kowkabany v. Home Depot, Inc., 606 So.2d 716, 721 (Fla. 1st DCA 1992) (holding that by undertaking to safely load landscaping timbers into vehicle, defendant owed duty of reasonable care to bicyclist who was struck by timbers protruding from vehicle window); Garrison Retirement Home v. Hancock, 484 So.2d 1257, 1262 (Fla. 4th DCA 1985) (holding that retirement home that assumed and undertook care and supervision of retirement home resident owed duty to third party to exercise reasonable care in supervision of resident's activities). As this Court recognized over sixty years ago in Banfield v. Addington, "[i]n every situation where a man undertakes to act, ... he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured." 104 Fla. at 667, 140 So. at 896. The Restatement (Second) of Torts explains this well accepted rule of law as follows:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
Restatement (Second) of Torts, § 324A (1965).
Voluntarily undertaking to do an act that if not accomplished with due care might increase the risk of harm to others or might result in harm to others due to their reliance upon the undertaking confers a duty of reasonable care, because it thereby "creates a foreseeable zone of risk." McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Kowkabany, 606 So.2d at 720-21 (relying on both McCain and Restatement (Second) of Torts, § 324A to find defendant's voluntary undertaking to safely load landscape timbers into vehicle created duty to third party who was injured by timbers). In joining a funeral procession that has been organized by the funeral director, procession participants are likely to rely to some degree on the director for their safety in transit. Thus, depending on the circumstances, the director's failure to exercise reasonable care in planning and leading a procession foreseeably may increase the risk of harm to procession members.
We recognize that a funeral director has no general duty to orchestrate or lead a funeral procession. However, once a director voluntarily undertakes to do so, the director assumes at least a minimal duty to exercise good judgment, and ensure that procession members proceed to the cemetery in a safe manner. Whether a funeral director exercised reasonable care in a given case will depend on the circumstances of that case; and, therefore, must be determined on a case-by-case basis by the trier of fact.
When given the benefit of all inferences arising from the facts pled, the Hutts sufficiently alleged Union Park assumed a duty by undertaking to "operate and supervise" the funeral procession. Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1983); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972). Accordingly, we approve the decision below, and disapprove McCorvey to the extent it is inconsistent with this opinion.
It is so ordered.
*68 GRIMES, C.J., and SHAW, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion.
HARDING, J., dissents with an opinion.
OVERTON, Justice, concurring.
I concur in the majority opinion, but write separately to express my view that the reasonable care standard does not mandate that a police escort be provided whenever there is a funeral procession. If the funeral director advises everyone in the procession that there will be no police escort and that traffic control devices must be obeyed, then, in my view, that conduct is a sufficient exercise of reasonable care. It must be acknowledged that many communities have found they cannot provide law enforcement resources for this type of service.
HARDING, Justice, dissenting.
I respectfully dissent. I would approve McCorvey v. Smith, 411 So.2d 273 (Fla. 1st DCA 1982), and disapprove the opinion below.
NOTES
[1] The driver of the vehicle that collided with Ms. Hutt's vehicle and the Hutts' underinsured motorist carrier were also named defendants. However, the other driver and the insurance company settled with the Hutts, leaving Union Park as the sole remaining defendant.
[2] The Hutts specifically allege:

13. Union Park Memorial had a duty and/or assumed a duty to operate and supervise said funeral procession with due regard for the safety of Plaintiff, a member of the funeral procession.
. . . .
24. While the funeral procession was leaving the premises operated by Union Park Memorial, an employee of Union Park Memorial was standing and directing the vehicles onto the roadway.
25. During the years past. Union Park Memorial has retained the gratuitous services of the Orange County Sheriff's Department at no charge to direct traffic and/or provide escort services from the funeral home through minor and major intersections to the cemetery.
26. At the time of the accident described herein, the Orange County Sheriff's Department had ceased offering traffic direction or escort services to Union Park Memorial as a policy decision made by a new administration and new sheriff.
27. The subject accident occurred at a major intersection heavily travelled by motor vehicles in all directions on Dean Road and on State Road 50.
28. Union Park Memorial had in the past utilized the services of the Orange County Sheriff's Department to direct and control traffic at said intersection during funeral processions for the safety of all motorists.
29. Defendant, Union Park Memorial, was negligent in one or more of the following ways:
A. Defendant, Union Park Memorial, failed to properly supervise the funeral procession;
B. Defendant, Union Park Memorial, failed to provide an escort service and/or traffic director at the major intersection where the accident occurred so as to decrease the likelihood of such an accident and to prevent such an accident from occurring;
C. Defendant, Union Park Memorial failed to advise all funeral participants, including Plaintiff, of the potential risk in traffic, failed to advise of their escort practices, failed to advise of their traffic direction practices, and failed to provide warnings on major intersections that the funeral procession would be travelling through, as well as failing to provide instructions for the funeral procession and directions to the destination of the funeral procession;
D. Defendant, Union Park Memorial, failed to provide adequate information, instructions, warnings, and protection for the funeral participants by failing to provide them with escort services and/or instructions for traffic procession, leaving the participants unprotected and alone to find their way to the cemetery/destination and encouraging funeral participants to `keep up' with the remainder of the funeral procession regardless of traffic control devices in route to the destination and despite the lack of traffic directing at major intersections;
E. Defendant, Union Park Memorial, failed to provide any type of recommendations, instructions, or warnings for travel and traffic flow to or from the cemetery/destination of said funeral procession;
F. Off-duty law enforcement officers were available for hire to provide escort or traffic direction services for said funeral processions, but Union Park Memorial did not retain said services on the date of the accident;
G. The Florida Highway Patrol was available for hire to provide escort or traffic direction services for said funeral procession and does provide traffic direction for churches in the Orlando area on major heavily travelled roadways at the request of churches, but Union Park Memorial did not retain or attempt to retain their services.
H. Private escort services were available for hire by Union Park Memorial at the time of the accident but were not retained by Union Park Memorial.
30. Defendant, Union Park Memorial, was negligent in the foregoing manner despite its knowledge that the funeral was being attended by guests unfamiliar with the geographic area where the accident occurred and despite its familiarity with the area and the knowledge that the intersection was heavily travelled and its knowledge that all vehicles in the funeral procession could not pass through the intersection during one cycle of the green light for traffic on State Road 50.
[3] Section 316.1974(2), Florida Statutes (1991), provides:

Pedestrians and the operators of all vehicles, except emergency vehicles, shall yield the right-of-way to each vehicle which is part of a funeral procession. Whenever the lead vehicle in a funeral procession lawfully enters an intersection, the remainder of the vehicles in such procession may continue to follow the lead vehicle through the intersection, notwithstanding any traffic control device or right-of-way provisions prescribed by statute or local ordinance, provided the operator of each vehicle exercises due care to avoid colliding with any other vehicle or pedestrian upon the roadway.