PER CURIAM.
Fred Priester appeals a final order dismissing with prejudice his negligence count against appellees Grand Aerie of the Fraternal Order of Eagles, Inc. a/k/a Fraternal Order of Eagles (hereinafter “Eagles”) and Bernie Barber for failure to state a cause of action. We reverse.
Priester and his wife filed a five-count second amended complaint against various parties for personal injuries sustained by Priester when the president (one Louis Bar-na), of his local Eagle lodge (“the Conch Republic”), allegedly assaulted and injured Priester as he attempted to enter a meeting at the lodge to publicly accuse Barna of raping a female member of the lodge. Earlier on the date of the attack, it is alleged that Priester telephoned Barna to alert Barna that he would be bringing in the alleged rape victim to the Conch Republic’s premises to confront Barna in front of all of the lodge’s members. According to the complaint, Bar-na was “extremely protective of the local lodge and the Fraternal Order of Eagles” and told Priester not to come to the premises as it would “create a scene” and “not be good for the club.”
Priester’s negligence action against the ap-pellees national and state Eagle organizations stems from allegations that these organizations through their agent, Bernie Barber, ousted the duly elected local officers of Pries-ter’s lodge and appointed a new slate of officers, with Barna at the helm. In so doing, Priester alleges that the appellees were negligent in appointing or placing Barna in a position of leadership of this organization without regard to Bama’s fitness to hold office and without proper investigation and knowledge of Bama’s background. According to the complaint, Barna was a “known alcoholic, trouble maker and womanizer” who was combative and abusive and regularly disturbed other members with his outbursts and behavior. Priester essentially alleges in his action that the appellees’ failure to perform a reasonable investigation into Barna’s background prior to placing him in a leadership position created a foreseeable dangerous condition for others in a setting where alcohole beverages were regularly being sold and consumed.[1]
The appellees successfully moved to dismiss this negligence count with prejudice for failure to state a cause of action. The basis *378 of their motion to the trial court below was that: (1) they had no duty to investigate Barna’s background prior to appointing him as president of the local lodge; and (2) the second amended complaint failed to allege that Barna was acting within the scope of his duties as president when he assaulted Pries-ter.[2]
Accepting as we must the well-pled allegations to be true,[3] we first find that they were sufficient to give rise to an actionable duty as a matter of law. Once the appellees ousted the lodge’s duly elected local officers and voluntarily undertook the task of replacing them with leaders of their choosing, we think that appellees assumed a duty to perform this task in a reasonable and prudent manner so as not to expose its local lodge members to a foreseeable risk of harm. See Union Park Memorial Chapel v. Hutt, 670 So.2d 64, 66-67 (Fla.1996) (holding that although a funeral director has no general duty to lead funeral procession, once the director voluntarily undertakes to do so, director assumes duty of reasonable care to ensure procession members proceed safely to cemetery); Slemp v. City of North Miami, 545 So.2d 256, 258 (Fla.1989) (even where city had no general duty to protect property owners from flooding due to natural causes, once city undertakes such a duty, it assumes responsibility to act with reasonable care); Grace v. City of Miami, 661 So.2d 1232, 1233 (Fla. 3d DCA 1995) (where city “undertakes to provide a lunch program for children at a city-owned park, it assumes the duty to operate the program safely”); see also Kaufman v. A-l Bus Lines, Inc., 416 So.2d 863, 864 (Fla. 3d DCA 1982) (“An action undertaken for the benefit of another must be performed in accordance with a duty to exercise due care.”) (citations omitted). We do not believe that appellees can escape a duty of care if a reasonable inquiry into Barna’s background and dangerous propensities would have placed them on notice that he was ill-suited to serve in a leadership role of an organization of this nature.
According to the complaint, the Conch Republic lodge not only serves as a meeting place, but it is also an establishment where alcoholic beverages are consumed by its patrons. The proprietor of a bar or saloon, although not an insurer of a patron’s safety, is bound to use every reasonable effort to maintain order among the patrons, employees, or those who come upon the premises and are likely to produce disorder to the injury or inconvenience of patrons lawfully in his place of business. E.g., Stevens v. Jefferson, 436 So.2d 33, 34 (Fla.1983). The president of the Conch Republic, as the purveyor of alcoholic beverages, would therefore be under a duty to act reasonably and responsibly and maintain order in such an establishment. Here, it has been alleged that the person selected by the appellees as president is exactly the sort of alcoholic and volatile individual from whom the overseer of this local lodge would have some reasonable responsibility to protect the other Conch Republic members and patrons.
Under these circumstances, we think that when appellees decided to select a leader for this organization, they did assume a duty to act in a responsible manner so as not to expose others to a foreseeable risk of harm. See Williams v. Feather Sound, Inc., 386 So.2d 1238, 1240 (Fla. 2d DCA 1980) (“[I]n analyzing the ... responsibility to check out an applicant’s background, it is necessary to consider the type of work to be done ....”), rev. denied, 392 So.2d 1374 (Fla.1981). Ap-pellees cannot blindly place someone at the helm of an organization of this nature and then disclaim responsibility for the consequences of their choice. Cf. Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 752 (Fla. 1st DCA 1991) (finding a duty to check the background of a furniture delivery man), rev. denied, 595 So.2d 558 (Fla. *379 1992); Williams, 386 So.2d at 1240 (concluding that a landlord had a duty to screen an employee who was to be given a passkey with access- to tenants’ apartments). Of course, the issue of whether appellees acted reasonably in their selection of Barna as president of this organization will be a question of fact for the trier-of-fact. Union Park, 670 So.2d at 67.
Finally, we find appellees’ remaining argument to the court below that Priester failed to allege that Barna was acting within the scope of his duties as president of the local lodge at the time of the incident to be belied by the general allegations contained in the complaint.
Reversed and remanded for further proceedings.

. Specifically, Priester alleges in relevant part that:
* * * * * *
36. The Grand Aerie, the State Aerie and Bernie Barber, in appointing Louis Barna as president and placing him in control of The Conch Republic’s members, invitees, and premises, knew or should have known that Louis Barna had behavioral and personality failings which could foreseeably create a dangerous condition in a setting where alcoholic beverages were being sold and knew or should have known that Louis Barna would become involved in a physical altercation or abuse of authority which would cause injury to some person.
37. The Grand Aerie, the State Aerie, and Bernie Barber, were further negligent in that, upon information and belief, Louis Barna had, prior to his appointment as president, a criminal record about which the defendants made no inquiry.
38. The Grand Aerie, the State Aerie, and Bernie Barber, were further negligent in that Louis Barna, prior to his being appointed president of the organization had been involved in an automobile accident where he was under the influence of alcohol which resulted in incapacitating injuries. The defendants negligently failed to make inquiry about this incident specifically and the alcohol consumption and abuse of alcohol by Louis Barna, generally.
39. By failing to make inquiries into the background, behavior, and injurious potential of the person they installed as president of The Conch Republic, the Grand Aerie, the State Aerie, and Bernie Barber placed The Conch Republic, its premises, membership, and invitees in the hands of a very unstable personality with violent characteristics who would not and did not hesitate to use excessive physical force in a mistaken belief he was protecting the interests of The Conch Republic and the Fraternal Order of Eagles.
40. Had the Grand Aerie, the State Aerie, and Bernie Barber performed even the slightest background inquiry into Louis Bama’s alcohol abuse, belligerent personality, criminal record and propensity for violence, they would have discovered these facts and, in all probability, would not have appointed him president of The Conch Republic.
⅜ * * :ft sft *

. On appeal, the appellees have also asserted that this count failed to state a cause of action where there was no alleged causal relationship between their appointment of Bama as president and the specific act of violence toward Priester. Our review of the record, however, indicates that this argument was never advanced to the trial court below. Accordingly, we decline to entertain it for the first time on appeal.

. E.g., Kinney v. Shinholser, 663 So.2d 643, 645 (Fla. 5th DCA 1995), rev. denied, 671 So.2d 788 (Fla.1996); Cutler v. Board of Regents, 459 So.2d 413, 414 (Fla. 1st DCA 1984).