Houston, J.
This is an action for negligence and wrongful death brought by the estate of Richard Mc-Kinnon, who was killed in an accident while driving his vehicle as part of a funeral procession. All defendants now move for summaiy judgment pursuant to Mass.R.Civ.P. 56. For the reasons cited herein, the motion is DENIED.

BACKGROUND

The plaintiffs intestate, Richard McKinnon, attended the funeral of Pearl Hicks on December 15, 1993, at the funeral home of defendant Edward Gaffey & Sons, Inc. (“Gaffey”). As part of the funeral services, *509 Gaffey contracted to manage a funeral procession to the gravesite. Richard McKinnon’s vehicle was one of about 25 cars in the procession. As the cortege proceeded through the streets of Medford to the cemetery, Mr. McKinnon’s car and others fell behind the hearse. Gaffey requested that the vehicles in the procession put on their headlights. It was a rainy and overcast day, and many other vehicles travelling along the Medford roads had their headlights on, thus making it difficult for the other cars to distinguish the procession.
The cortege proceeded through an intersection. Following in line, Mr. McKinnon drove his car to the right around the traffic ahead of him and through the intersection after the traffic signal had turned red. Mr. McKinnon was struck by another vehicle crossing the intersection. He was seriously injured in the accident and passed away a few days later as a result of his injuries. The plaintiff now brings these claims for negligence against the funeral home and its owners for breach of their duty of care in undertaking the funeral procession.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp. 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by ’’resting on its pleading and mere assertions of disputed facts..." LaLonde v. Eisenner405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp. 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
This case presents an issue of first impression— namely, whether the defendants owed a duty of care to the plaintiffs in this situation. This is a question for the finder of fact. The plaintiff has produced evidence from which a jury could infer that the defendants' actions gave rise to a duty. For example, the plaintiffs have offered evidence of the agreement between the defendants and the bereaved family in which the defendants contract to manage a funeral procession.
There is no Massachusetts caselaw which per se recognizes the duty. However, other jurisdictions have recently recognized that a funeral director owes a duty of care to the participants in a funeral procession. See, e.g., Union Park Memorial Chapel v. Hutt, 670 So.2d 64 (Florida 1996); Maida v. Velella, 69 NY.2d 1026 (1987). Whether such a duty exists in this case and if so, what degree of care is owed to the plaintiff are questions which are within the province of a jury. Either side is free to offer expert testimony regarding the reasonableness of the defendants’ actions in comparison with the standards of ordinary funeral directors to aid the jury in its factual conclusions. Thus, because the determination of the duty of care involves a genuine issue of material fact, the defendants’ motion for summary judgment is DENIED.

ORDER

For the foregoing reasons, the court ORDERS that the defendants’ motion for summary judgment is DENIED.