RAMIREZ, C.J.
 

 Dwayne Whipple, as personal representative of the estate of Jaylen Whipple, appeals to this Court the summary judgment entered on the defendants’ behalf and the Order Denying the Plaintiffs Motion for Rehearing. We reverse because we agree with Whipple that the trial court erred in granting summary judgment for the defendants.
 

 On August 15, 2007, Dwayne Whipple and Kimberlee Whipple took their 7-year-old son Kevin to the hospital and left the decedent, Jaylen Whipple, then 2-years-old, in the care of his aunt, Denise Baker, and his great-aunt, Faustino Poquiz, at the Whipple’s apartment in Royal Palm Gardens. Royal Palm Gardens borders another housing community, Homestead Colony Apartments. These two housing communities are separated by a chain-link fence, which travels the perimeter of, and are owned by and/or controlled by defendant Royal Palm Gardens. The defendant, Swezy Realty, was and is the independent contractor management company of Royal Palm Gardens.
 

 Baker went to retrieve her cell phone charger out of her car. Unbeknownst to her, Jaylen followed her out the front door of the apartment. He crawled under the hedges and through one of the gaps/holes in the chain-link fence into the neighboring Homestead Colony Apartments. Rescue divers later discovered Jaylen submerged a few feet from the shoreline of the lake. He was taken to the hospital and pronounced dead due to drowning.
 

 Whipple filed a wrongful death action against defendants D & D Tree Farms, Inc. d/b/a Tropic Lawn Maintenance, Swezy Properties, et al., and Royal Palm Gardens a/k/a RPG of Homestead, Ltd. and later amended his complaint to add Centennial Management Corporation as a defendant. The complaint alleges that Jaylen died as a result of the defendants’ negligence in failing to properly maintain a boundary line fence on their property in a safe and secure manner.
 

 The defendants filed a motion for summary judgment, which the trial court granted. The trial court then denied Whipple’s motion for rehearing. The trial court concluded, as a matter of law, that the defendants owed no legal duty to Jay-len to properly maintain the fence so as to prevent him from access to the lake. The trial court also concluded that as a matter of law, the defendants’ alleged negligence was not a legal cause of Jaylen’s drowning death.
 

 On appeal, Whipple contends that the trial court committed reversible error in
 
 *1013
 
 entering summary judgment for the defendants because the court erred in not finding that the defendants are potentially liable, pursuant to the undertaker’s doctrine. We agree.
 

 Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.
 
 Medley Warehouses, LC v. Scottsdale Ins. Co.,
 
 39 So.3d 440, 444 (Fla. 3d DCA 2010). This Court reviews summary judgment under a de novo standard of review.
 
 Id.
 

 The facts before us demonstrate that the defendants voluntarily undertook to build a perimeter fence around the subject property. The Florida Supreme Court has stated:
 

 In every situation where a man undertakes to act, or to pursue a particular course, he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured by any force which he sets in operation, or by any agent for which he is responsible. If he fails to exercise the degree of caution which the law requires in a particular situation, he is held liable for any damage that results to another, just as if he had bound himself by an obligatory promise to exercise the required degree of care. Street’s Foundations of Legal Liability, vol. 1 page 92. And even hvhere a man interferes gratuitously, he is bound to act in a reasonable and prudent manner according to the circumstances and opportunities of the case.’
 

 Banfield v. Addington,
 
 104 Fla. 661, 140 So. 893, 896 (1932) (citations omitted). The Florida Supreme Court has continued to apply this doctrine, known as the “undertaker’s doctrine.”
 
 See Union Park Memorial Chapel v. Hutt,
 
 670 So.2d 64, 66-67 (Fla.1996).
 

 Whipple admits that the defendants did not have a duty to erect a fence, but he argues that according to the undertaker’s doctrine, once the fence was built, the defendants had a duty to use reasonable care to maintain that fence. We agree. A question of fact remains whether had the fence been properly maintained, it would have prevented the two-year-old’s access to the lake, in which he drowned. As such, we reverse the summary judgment entered for the defendants, as well as the trial court’s order denying Whipple’s motion for rehearing.
 

 Reversed and remanded for further proceedings.