NESBITT, Judge.
Maria Mininson tripped on a public sidewalk,. which was adjacent to a privately owned parking lot managed- by Allright Miami, Inc. Thereafter, Mininson and her husband brought the instant action against the city as well as Allright, claiming she had fallen on an uneven sidewalk caused by adjacent trees. The trial judge con- ■ eluded that “[b]ecause the claimed injuries occurred as a result of a fall on a public sidewalk and because the unevenness in the sidewalk was caused by tree root growth, Allright' breached no duty it owed to Mrs. Mininson and is not liable for any injuries she may have suffered,” and entered summary judgment in Allright’s favor, citing to Sullivan v. Silver Palm Properties, Inc., 558 So.2d 409 (Fla.1990) (holding that landowner did not have duty to retard subterranean root growth of trees located adjacent to public right-of-way) and Roman v. City of Miami, 636 So.2d 882 (Fla. 3d DCA 1994) (same). We affirm.
The. agreement between the lot owner and Allright provided:
Manager assumes no responsibility for the pavement covering the facility (except where same is damaged by Manager or its agents or employees but only to such extent), or any part thereof, or the sidewalks adjacent to or adjoining the facility, and the Owner at Owner’s sole cost shall make all repairs to any of them costing over $100.00 per repair reasonably necessary to the . proper operation of said facility or for the public safety, promptly upon request of Manager; make or have made such repairs, at Owner’s expense, and the pursuant to Paragraph 3.C. Manager shall make lesser repairs to the facility (costing per repair $100.00 or less) and shall make all repairs to parking access and revenue control equipment, the cost of which in each instance shall be an expense chargeable to Owner pursuant to Paragraph 3.B.
Relying on Union Park Memorial Chapel v. Hutt, 670 So.2d 64 (Fla.1996), the Mininsons argued that by its lease, Allright had voluntarily assumed responsibility for maintenance of the sidewalks contiguous to the parking facility. In Union Park the Supreme Court held that a funeral director who voluntarily undertook to organize and lead a funeral procession owed a duty of reasonable care to the procession participants, and while no general duty to orchestrate or lead the procession existed, once the director voluntarily undertook to do so, he or she assumed at least a minimal duty to exercise good judgment and ensure that procession members *391 proceeded to the cemetery in a safe manner.
Union Park based its analysis on Restatement of Torts(Second) § 324A (1965). That section provides:
§ 324A. LIABILITY TO THIRD PERSON FOR NEGLIGENT PERFORMANCE OF UNDERTAKING
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.
What was very different in Union Park and determinative in that case were the actions undertaken by the defendant and the reliance by the plaintiff. In the instant case there was no allegation that Allright’s maintenance contract increased the risk to the pedestrian at issue, which would have made section(a) applicable, nor was there any allegation of reliance, which would have made section(c) applicable. . The creation of the general maintenance contract, standing alone, was not an assumption of what clearly was the municipality’s duty under Florida law, making section (b) likewise inapplicable. See Silver Palm and Roman. See also Freundlich v. South Seas Operating Corporation, 398 So.2d 490 (Fla. 3d DCA 1981); Cantens v. Jeff-Son, Inc., 381 So.2d 307 (Fla. 3d DCA 1980); Beattie v. City of Coral Gables, 358 So.2d 1131 (Fla. 3d DCA 1978).
As Section 324A of the Restatement observes, there is no essential reason why the breach of a promise, relied upon by the promisee or by a third person, with resulting physical harm to the latter, should not result in liability in tort. Here, however, there was no allegation of a promise relied on, with physical harm resulting.[1] Finding Allright had no duty to retard root growth on the public right of way, following Silver Palm and Roman, we affirm the order under review.

. Restatement of Torts (Second): NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES § 323 (1965), likewise supports this analysis.