780 So.2d 930 (2001)
Alyce M. SANDERSON, individually and as Personal Representative of the Estate of Samuel Sanderson, Deceased. Appellant,
v.
ECKERD CORPORATION, Appellee.
No. 5D00-955.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
*931 Raymond O. Bodiford of Crews and Bodiford, P.A., Orlando, for Appellant.
David C. Knapp, of Rogers, Dowling, Fleming and Coleman, P.A., of Orlando, for Appellee.
POWELL, R., Associate Judge.
Appellant appeals from a final order dismissing Count Three of her third amended complaint with prejudice. The trial court concluded that because of the holding in Johnson v. Walgreen Co., 675 So.2d 1036 (Fla. 1st DCA 1996),[1] the voluntary assumption of duty doctrine, sometimes referred to as the voluntary undertaking doctrine, does not apply to a retail pharmacy and pharmacist dispensing prescription drugs in Florida, but that if it did, the third amended complaint would state a cause of action under that theory. We disagree as to both conclusions and reverse.
Although there is no case in Florida applying it to a pharmacist dispensing a prescription drug, the doctrine of voluntary assumption of a duty is well-established in this state, as it is elsewhere. The *932 leading case is Union Park Memorial Chapel v. Hutt, 670 So.2d 64, 67 (Fla.1996), approving Hutt v. Nichols, 652 So.2d 427 (Fla. 5th DCA 1995), where the Florida Supreme Court stated:
[O]ne who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. [citations omitted]. As this Court recognized over sixty years ago in Banfield v. Addington, "[i]n every situation where a man undertakes to act, ... he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured." 104 Fla. at 677, 140 So. at 896. The Restatement (Second) of Torts explains this well accepted rule of law as follows:
"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or this things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."
Restatement (Second) of Torts, section 324A (1965).
See also, Restatement (Second) of Torts § 323 (1965).
The courts of three other states have applied the doctrine of voluntary undertaking to pharmacists dispensing prescription drugs. See Frye v. Medicare-Glaser Corp., 153 Ill.2d 26, 178 Ill.Dec. 763, 605 N.E.2d 557 (1992) (where a pharmacist voluntarily undertakes to place computer-suggested labels on container, duty limited to extent of undertaking and not breached by attaching one correct label but not attaching the other two); Kasin v. Osco Drug Inc., 312 Ill.App.3d 823, 245 Ill.Dec. 346, 728 N.E.2d 77 (2000) (by voluntarily undertaking to list some of a drug's side effects, a pharmacy did not assume a duty to list all possible side effects); Baker v. Arbor Drugs, Inc., 215 Mich.App. 198, 544 N.W.2d 727 (1996) (where pharmacy implemented, used and advertised that its computer program detected harmful drug interactions, pharmacy voluntarily assumed duty to utilize its computer technology with due care); Ferguson v. Williams, 92 N.C.App. 336, 374 S.E.2d 438 (1988), appeal after remand, 101 N.C.App. 265, 399 S.E.2d 389 (1991) (a pharmacist has no generalized duty to warn, but once he is alerted to the specific facts and voluntarily undertakes to advise, he must advise correctly). We see no reason why the voluntary undertaking theory of liability could not be applied to a dispensing Florida pharmacist in a proper case.
We agree with a comment made by two well-known authors in their treatise, that when considering a duty arising from a voluntary undertaking, "[j]ust when the duty is undertaken, when it ends, and what conduct is required, are nowhere clearly defined [in the case law], and perhaps cannot be." Prosser and Keaton, Law of Torts, § 56, at 379 (5th ed. 1984). Florida courts have commented generally that a duty arises when one person places another in such circumstances that anyone having common sense would know that due care must be used to avoid injury and secure safety, see Smith v. Hinkley, 98 Fla. 132, 123 So. 564 (1929), and that "[a] legal duty will arise whenever human endeavor creates a generalized and foreseeable risk of harming others." McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992). It has also been said that the scope of a duty voluntarily assumed is "limited to the extent of its undertaking," Frye, 178 Ill.Dec. 763, 605 N.E.2d at 559, *933 and can vary and expand or contract depending on the circumstances and the extent of the harm. See Ferguson; Cobb v. Twitchell, 91 Fla. 539, 108 So. 186 (1926). A Florida pharmacist is a health care professional[2] whose standard of care is that level of care and skill which, in light of all relevant circumstances, is recognized as acceptable and appropriate to other reasonably prudent pharmacists.[3] While the question of whether a duty exists is a question of law for the court to decide, the questions of whether an existing duty has been breached and if so, whether such breach was the legal cause of a claimant's injury or damage are questions of fact which have generally been left to the trier of fact in negligence cases. See McCain. Each case must turn on its own particular facts.
We also believe the trial judge also erred when he concluded that the third amended complaint stated a cause of action under a voluntary undertaking theory had that doctrine been applied. It is axiomatic that a complaint must allege ultimate facts establishing each and every essential element of a cause of action in order to entitle the pleader to the relief sought. In a case like this, we are not bound by the trial judge's ruling but may determine the sufficiency of a complaint de novo. See Warren v. K-Mart Corp., 765 So.2d 235 (Fla. 1st DCA 2000). In so doing, we, like a trial court, cannot look outside the four corners of the pleading; we must accept all well-pleaded facts as true, and we must accord those facts all reasonable inferences. See Hutt, 652 So.2d at 427. But where the elements of a cause of action are not pled in the complaint, they may not be inferred by the context of the allegations. See Myers v. Myers, 652 So.2d 1214 (Fla. 5th DCA 1995).
Appellant's third amended complaint could have been more artfully pled. It omits an essential element of her cause of action. It does not allege that Appellant's decedent ingested any of the drugs prescribed. Since that is omitted entirely, there is no allegation that a drug taken by decedent, separately or in combination with one or both of the other two drugs dispensed to decedent, caused him to "become drowsy," lose control of his automobile, hit a tree and be killed. Consequently, proximate cause, an essential allegation of a cause of action for negligence, is missing from the third amended complaint. It cannot be inferred.
In addition, the pleading does not allege that Eckerd's pharmacist entered into performance of its alleged advertised promise that it's computer system would detect and warn customers of adverse drug reactions and interactions, and that the performance was negligent as was the situation in Baker and in the decided Florida cases.[4] The pleading does not say the pharmacist operated the computer negligently, but merely alleges that the computer "would have detected" these dangers and that Eckerd failed to warn decedent of them. Neither does the pleading allege the other Restatement alternative contained in Section 323, that the decedent relied on Eckerd's advertised promise and for that reason had his prescriptions filled there. As comment d of that section points out, a mere breach *934 of a promise without entering into performance gives rise only to a contract action, and does not result in liability in tort, but there is no essential reason why a breach of promise which has induced reliance, and so caused harm, should not be actionable in tort. See Restatement (Second) of Torts § 323 cmt. d (1965); see also Mininson v. Allright Miami, Inc., 732 So.2d 389 (Fla. 3d DCA 1999) (company which managed private parking lot did not by its contract terms alone assume duty to make sidewalk safe; there was no allegation that its conduct increased the risk to the plaintiff pedestrian and no allegation of a promise relied on with harm resulting).
We note that Appellant has amended three times. However, since we cannot say with certainty that she has abused the amendment privilege or that she will be unable to state a viable cause of action based on the voluntary undertaking theory, in the interests of justice, we reverse the order of dismissal and direct that an order be entered allowing Appellant to amend at least one more time. See Thompson v. Investment Management & Research, Inc., 745 So.2d 475 (Fla. 5th DCA 1999).
REVERSED and REMANDED with directions.
SHARP, W., J., concurs.
PETERSON, J., concurs specially, with opinion.
PETERSON, J., concurring specially.
I concur with the majority opinion but would add that there is also no allegation that the decedent saw Eckerd's advertisement or was aware of Eckerd's voluntary assumption of a duty to warn of drug interaction. Mininson seems to require reliance by the injured party on the voluntary assumption of a duty, although I am sure that the issue would create much debate.
NOTES
[1] Johnson held that a retail pharmacist has no general duty to warn a customer or his physicians of potential adverse prescription drug reactions. It did not involve the voluntary undertaking theory of liability.
[2] §§ 465.002, 766.101(1)(b), Fla. Stat. (1999).
[3] § 766.102(1), Fla. Stat. (1999).
[4] See Union Park Memorial Chapel (funeral home director voluntarily organized procession but led it negligently); Nova Southeastern University, Inc. v. Gross, 758 So.2d 86 (Fla. 2000) (university voluntarily assigned student to known dangerous intern site without adequate warning or instruction); Kowkabany v. Home Depot, Inc., 606 So.2d 716 (Fla. 1st DCA 1992) (voluntarily loading landscape timbers which protruded from window striking bicyclist); Garrison Retirement Home v. Hancock, 484 So.2d 1257 (Fla. 4th DCA 1985) (retirement home voluntarily supervised resident's activities but did so negligently); Fidelity and Casualty Co. of N.Y. v. L.F.E. Corp., 382 So.2d 363 (Fla. 2d DCA 1980) (consulting engineer voluntarily undertook to design lightning protection for revenue control system but did so negligently).