879 So.2d 34 (2004)
ESTATE OF Edna Marie SHARP, etc., Appellant,
v.
OMNICARE, INC. and Badger Acquisition of Tampa, L.L.C., Appellees.
No. 5D03-1851.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
Rehearing Denied August 3, 2004.
*35 Susan B. Morrison and Melanie L. Bossie of Wilkes & McHugh, P.A., Tampa, for Appellant.
Troy J. Crotts and Hala A. Sandridge of Fowler White Boggs Banker, P.A., Tampa, for Appellee.
MONACO, J.
The Estate of Edna Marie Sharp appeals the dismissal with prejudice of its complaint seeking damages from a claim arising out of the provision of pharmacy services by the appellees, Omnicare, Inc., and Badger Acquisition of Tampa, L.L.C. (collectively, "Omnicare"). The trial court in dismissing the complaint with prejudice concluded that the Estate sought to establish a cause of action that went beyond that authorized by the Florida Supreme Court in McLeod v. W.S. Merrell, Co., Div. of Richardson-Merrell, Inc., 174 So.2d 736 (Fla.1965). We agree with the trial court in this regard, but remand because the Estate should be allowed the opportunity to amend its complaint to attempt to state a viable cause of action against Omnicare.
In McLeod the Supreme Court listed the standards of care that are imposed upon a pharmacist by the common law as follows:
[R]ather, it appears to us, that the rights of the consumer can be preserved, and the responsibilities of the retail prescription druggist can be imposed, under the concept that a druggist who sells a prescription warrants that (1) he will compound the drug prescribed; (2) he has used due and proper care in filling the prescriptions ...; (3) the proper methods were used in the compounding process; (4) the drug has not been infected with some adulterating foreign substance.
McLeod, 174 So.2d at 739. Our review of the case law since McLeod indicates that this list has not been expanded by the courts, and the parties have brought no Florida cases to our attention that do so. To the contrary, in Pysz v. Henry's Drug Store, 457 So.2d 561 (Fla. 4th DCA 1984), the Fourth District declined to expand McLeod to impose a duty on pharmacists to warn a patient of the addicting qualities of a drug, or to notify a treating physician *36 of the fact that his or her patient is addicted.
In the present case the Estate sought recovery through a survival action and through a wrongful death claim arising out of the death of Ms. Sharp while she was a resident of a nursing home in which Omnicare was providing pharmacy services pursuant to a contract that it had with the nursing home. Despite the holdings in McLeod, the Estate sought to state causes of action against Omnicare by characterizing Omnicare as a "consulting" pharmacist, as opposed to a "retail" pharmacist. The Estate alleged, among other things, that Omnicare failed to review Ms. Sharp's drug regimen on a monthly basis; or to account and reconcile the controlled drugs that were to be used by Ms. Sharp; or to detect that her medication was not being properly administered or was being stolen; or to train the nursing personnel at the nursing home; or to determine from her records that her drug regime was not effective in the treatment of her medical conditions; or to hire "an appropriate pharmacist" to oversee Ms. Sharp's "medication-taking practices."
When Omnicare moved to dismiss the complaint, the trial court took the matter under advisement, and later entered an order granting the motion to dismiss with prejudice. After the Estate filed its notice of appeal from this non-final order, we relinquished jurisdiction to allow the trial court to enter a final order dismissing the complaint with prejudice.[1] The case was thereafter returned to this court.
We conclude that the allegations of the complaint do not avoid the narrow strictures of McLeod. While we have reviewed the statutory and other references argued by the Estate, we are unable to discern in the complaint a duty that Omnicare owed to Ms. Sharp that would give rise to the claims for damages being made by the Estate. For example, the Estate argues that Chapter 465, Florida Statutes (2002) (the Florida Pharmacy Act), imposes some duty on Omnicare to Ms. Sharp that was breached. In Johnson v. Walgreen Co., 675 So.2d 1036, 1038 (Fla. 1st DCA 1996), however, the court held there that Chapter 465 is "within the regulatory scheme for pharmacists," and does not create a private cause of action. Cf., McFarland & Son, Inc. v. Basel, 727 So.2d 266 (Fla. 5th DCA 1999). No connection has been pointed out by the Estate between the regulatory and licensing purpose of Chapter 465, and the injuries suffered by Ms. Sharp.
In McLeod the Florida Supreme Court sharply limited the duties that a pharmacist owes to his or her customers. The high court chose not to make a pharmacist liable for duties that are ordinarily owed by a physician or caretaker to the patient. As the Pysz court noted, "[I]t is the physician who has the duty to know the drug that he is prescribing and to properly monitor the patient." Pysz, 457 So.2d at 562. In the present case the Estate seeks to hold the nursing home's pharmacists liable for the administration of medications that were provided to Ms. Sharp by the nursing home, or that were prescribed by her physicians. In light of McLeod, we can detect no breaches of duty owed by the pharmacist to Ms. Sharp.
We are, however, concerned by the fact that the Estate's complaint was dismissed without affording it an opportunity to amend. Florida has long favored a policy of freely granting leave to amend a pleading so that cases can be resolved on their merits. See Fla. R. Civ. P. 1.190(a); Torrey v. Leesburg Reg'l Med. Ctr., 769 *37 So.2d 1040 (Fla.2000); North Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So.2d 359 (Fla. 4th DCA 1999). In particular, the Estate has voiced a desire to seek to establish a tort based on a theory of voluntary assumption of duties by Omnicare. We have previously indicated that the voluntary undertaking doctrine may be applied to a dispensing pharmacist in a proper case. See Sanderson v. Eckerd Corp., 780 So.2d 930 (Fla. 5th DCA 2001). We do not know at this point whether the Estate will be able state a viable claim using this theory, or perhaps some other theory not disposed of by this decision, but we conclude that it ought to at least have the chance.
Accordingly, we affirm the dismissal of the Estate's complaint, but reverse that part of the order determining that the dismissal is with prejudice, and remand with instructions to allow the Estate an opportunity to amend its complaint.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W., and THOMPSON, JJ., concur.
NOTES
[1] See, e.g., Becton v. K & L Contractors, Inc., 573 So.2d 428 (Fla. 5th DCA 1991).