878 So.2d 426 (2004)
Michael DEE, as Personal Representative of the Estate of Nicole Dee, deceased, Appellant,
v.
WAL-MART STORES, INC., and Roberto Morales, M.D., Appellees.
No. 1D02-4997.
District Court of Appeal of Florida, First District.
June 30, 2004.
Rehearing Denied July 29, 2004.
*427 J. Bruce Bowman, Robert G. Churchill, Jr., and Craig A. Dennis, of Dennis, Bowman, Jackson, Martin & Fontela, P.A., Tallahassee, for Appellant.
James Evangelista, Tampa, and Cecil Davis, Tallahassee, for Appellee Wal-Mart Stores, Inc.; and Maria Santora, Tallahassee, for Appellee Roberto Morales. M.D.
BARFIELD, J.
Michael Dee, as Personal Representative of the Estate of Nicole Dee, deceased, appeals the dismissal of a negligence claim against Wal-Mart Stores, Inc., for failure of the amended complaint to state a cause of action. The complaint alleged negligence on the part of the pharmacy at Wal-Mart in filling a prescription for Nicole Dee. We reverse.
It is alleged that Nicole Dee received a prescription for a 50 microgram Duragesic patch from her physician following a Cesarean section. There was no time limit on the face of the prescription. More than four months later Mrs. Dee had the prescription filled at Wal-Mart's pharmacy and used it to treat pain from a fractured ankle. A Duragesic patch contains the opioid analgesic "fentanyl." Mrs. Dee died in her sleep as a result of a toxic overexposure to fentanyl.
A pharmacy must use due and proper care in filling a prescription. McLeod v. W.S. Merrell Co. Div. Of Richardson-Merrill, Inc., 174 So.2d 736 (Fla.1965). When a pharmacy fills a prescription which is unreasonable on its face, even though it is lawful as written, it may breach this duty of care. It is alleged that the prescription for this Duragesic patch, without a time limit for filling or using the prescription, renders the prescription unreasonable on its face. It is alleged that this Duragesic patch, if used by one not on a fentanyl regimen, will likely cause hypoventilation resulting in death. It is alleged that a pharmacist viewing this prescription which is more than four months old would *428 reasonably conclude that the patient is opioid-naive. The pharmacist should warn of this danger and/or inquire of the physician whether the prescription should be filled for this patient. It is alleged that the pharmacist did neither. These allegations of the amended complaint state a cause of action in negligence.
We agree with the trial court that the pleadings do not sufficiently allege a voluntary undertaking.
The decision of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., concur.