924 So.2d 927 (2006)
Garrett DENT, Appellant,
v.
DENNIS PHARMACY, INC., Appellee.
No. 3D05-2253.
District Court of Appeal of Florida, Third District.
March 29, 2006.
*928 Brooks Hermelee Geffin, Miami, and David S. Wieder; David Hagen, for appellant.
Schwartz & Horwitz, and Robert Horwitz and David J. Pascuzzi, Boca Raton, for appellee.
Before COPE, C.J., and WELLS and SUAREZ, JJ.
SUAREZ, J.
Garrett Dent ("Dent") appeals the trial court's order dismissing with prejudice Count III of her Third Amended Complaint alleging negligence against Dennis Pharmacy, Inc. (the "pharmacy").[1] We affirm.
Dent contends that the pharmacy gave negligent advice to customer Paula Sparenberg ("Sparenberg") concerning a narcotic medication that it dispensed to her. Dent argues that this negligent advice rendered the pharmacy liable to Dent, an unidentified third party, under the voluntary undertaking doctrine. The pharmacy asserts that dismissal should be affirmed because it owed Dent no legal duty.
Dent alleges in her Third Amended Complaint that the pharmacy filled a prescription for its customer and co-defendant below, Sparenberg, for a narcotic painkiller. She alleges that the prescribing doctor told Sparenberg not to drive while taking the drug. When the pharmacy dispensed the medication, it placed a "use caution driving" label on the prescription bottle and provided Sparenberg with patient counseling. Dent alleges that Sparenberg drove under the influence of the medication eighteen days after the pharmacy dispensed the drug, that Sparenberg fell asleep at the wheel and collided with Dent's vehicle, causing personal injury. Dent asserts that the pharmacy's warning was incorrect and could have given Sparenberg the impression that she could safely drive after taking the medication if she *929 exercised care. She asserts that the pharmacy voluntarily undertook the duty of giving this warning and, under the voluntary undertaking doctrine, is liable to Dent, a third party, for negligently giving the incorrect warning. The pharmacy moved to dismiss. The trial court granted the motion finding that the pharmacy owed Dent no legal duty.
The duty element of negligence focuses not only on whether a party's actions create a legal duty where there is privity between the parties, but also on whether the defendant's conduct foreseeably created a broader zone of risk that posed a threat of harm to unidentified third parties. McCain v. Fla. Power Corp., 593 So.2d 500, 502 (Fla.1992).
The issue, then, is whether Dent was in privity with the pharmacy, or was a known or identifiable party to whom the pharmacy owed a legal duty. See Pate v. Threlkel, 661 So.2d 278 (Fla.1995) (limiting a physician's legal duty to parties in privity and to known and identifiable third parties). There is no privity between Dent and the pharmacy. The pharmacy simply filled Sparenberg's prescription and provided warnings to her regarding the medication pursuant to the Florida Administrative Code. Nor is Dent a known or identifiable third party. She was an anonymous member of the driving public who was unidentifiable to the pharmacy. Whether Sparenberg would take the medication and then drive, or even take the medication at all, was beyond the pharmacy's control. "[I]mposition of a duty to unidentifiable third parties under those circumstances would create a zone of risk which would be impossible to define." Cheeks v. Dorsey, 846 So.2d 1169, 1173 (Fla. 4th DCA 2003).
Dent argues that, even if she is not in privity with the pharmacy, the pharmacy's consultation with Sparenberg created a legal duty under the voluntary undertaking doctrine. She contends that the pharmacy's voluntary provision of advice to Sparenberg increased the zone of risk to include unidentifiable third parties such as Dent. We reject this argument.
The voluntary undertaking doctrine simply stands for the proposition that one "who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care...." Union Park Mem'l Chapel v. Hutt, 670 So.2d 64, 67 (Fla.1996). The undertaking of such an act foreseeably broadens the zone of risk to include unidentified third parties. The doctrine can apply to pharmacists dispensing prescriptions in certain circumstances. Sanderson v. Eckerd Corp., 780 So.2d 930 (Fla. 5th DCA 2001).
The voluntary undertaking doctrine does not apply in the instant case because the pharmacy undertook no voluntary duty. The Florida Statutes and Florida Administrative Code require a pharmacist to provide patient counseling and any information that is necessary in the pharmacist's professional judgment. See Fla. Admin. Code R. 64B16-27.820(1)(d), (e) (2006); § 465.003(6), Fla. Stat. (2005). The pharmacy did what was required of it by consulting with Sparenberg. It undertook no voluntary duty above what is required of it by Florida law. Dent's Third Amended Complaint alleges only that the pharmacy gave the required consultation. It does not allege any voluntary undertaking above what was required of it or even that Sparenberg relied on the pharmacy's warning. Therefore, the pharmacy's actions did not broaden the zone of foreseeable risk to unidentified third parties. See Sanderson v. Eckerd Corp., 780 So.2d at 930 (estate failed to state cause of action against pharmacist under the voluntary *930 undertaking doctrine where the complaint did not allege that the pharmacist undertook to perform  or negligently performed  pharmacy's advertised promise that a computer system would detect and warn customers about drug reactions and interactions, or that the decedent relied on the advertised promise). As Dent is an unidentified third party, the pharmacy owed no legal duty to her and the trial court correctly dismissed Dent's negligence count against the pharmacy with prejudice.
Affirmed.
NOTES
[1] Count III is the only cause of action alleged against Dennis Pharmacy, Inc.