ORFINGER, J.
This appeal arises from a final judgment dismissing with prejudice the negligence claims in Karan Oleckna’s[1] amended complaint against Daytona Discount Pharmacy, Inc. and Manish Patel, the pharmacy’s owner and licensed pharmacist (collectively, “Pharmacy”). The trial court found that Pharmacy owed no actionable duty to Steven Porter under the facts alleged. We reverse.
In May 2009, Steven Porter, now deceased, began treatment with Dr. Owen R. Hunt, who diagnosed him with “stress syndrome” and prescribed Xanax (Alprazo-lam) and Hydrocodone/Acetaminophen or Oxycodone/Acetaminophen.[2] It was alleged that over the next two years, Dr. Hunt repeatedly prescribed these drugs *180 before Mr. Porter should have depleted the preceding prescriptions. Oleckna alleged that Pharmacy filled at least thirty of these prescriptions, all written by Dr. Hunt, without question, even though the prescriptions were issued too closely in time and days before Mr. Porter should have exhausted the preceding prescription. In March 2011, Mr. Porter died due to combined drug intoxication of Alprazolam and Hydrocodone.
Oleckna brought negligence claims against Pharmacy,[3] alleging that it owed Mr. Porter a duty to (1) use due and proper care in filling and dispensing all prescriptions; (2) exercise the level of care and skill recognized by reasonably prudent and similar pharmacy professionals; (3) not dispense or fill prescriptions that were unreasonable on their face or in light of the circumstances; (4) warn, under the circumstances; (5) comply with their own relevant policies and procedures; (6) comply with relevant statutory and regulatory provisions; and (7) not subject Mr. Porter to an unreasonable risk of harm from their foreseeable conduct. Oleckna did not allege that Pharmacy was not properly licensed, or failed to properly compound or dispense the drugs prescribed.
Pharmacy filed a motion to dismiss, arguing that based on McLeod v. W.S. Merrell Co., Division of Richardson-Merrell, Inc., 174 So.2d 736, 737 (Fla.1965), and our decision in Estate of Sharp v. Omnicare, Inc., 879 So.2d 34, 35 (Fla. 5th DCA 2004), there was no duty to Mr. Porter other than properly filling his valid and lawful prescriptions. The trial court granted the motion to dismiss with prejudice, reasoning:
As indicated in the Order Granting the Motion to Dismiss filed by the Defendant, Daytona Discount Pharmacy, Inc., directed to the Plaintiffs original complaint, there appears to be a conflict amongst the district courts as to what constitutes a viable cause of action against a prescribing pharmacist. The Plaintiff relies on Robert Powers v. Shirin H. Thobhani, M.D., 903 So.2d 275 (Fla. 4th DCA 2005). The Defendant relies upon the Estate of Edna Marie Sharp v. Omnicare, Inc., 879 So.2d 34 (Fla. 5th DCA 2004). The 5th District case follows the Supreme Court listed standard for a cause of action set forth in McLeod v. W.S. Merrell, Co., 174 So.2d 736 (Fla.1965). Apparently the conflict has not been recognized by the Florida Supreme Court.
In this particular case a careful reading of Count II and III, directed to the druggist and his pharmacy, have failed to allege a factual basis that would support a violation of the duty of care which has been severely limited in the McLeod case. As a result this court has concluded that the Plaintiff has failed to allege a recognizable cause of action against the druggist or the pharmacy in the Amended Complaint and further that there are no additional allegations that could be offered as subsequent amendments to change the outcome of this decision.
We conclude that our decision in Estate of Sharp is not controlling. As a result, the trial court erred in dismissing the negligence claims against Pharmacy.
The issue presented is whether Pharmacy owed a legal duty to Mr. Porter, which would support a negligence claim. This is a question of law for this Court to determine. Estate of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC, 983 So.2d 1175, 1180 (Fla. 2d DCA 2008); Sanderson v. Eckerd Corp., 780 So.2d 930, 933 (Fla. 5th DCA 2001). “The *181 duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie.” Jenkins v. W.L. Roberts, Inc., 851 So.2d 781, 783 (Fla. 1st DCA 2003).
A pharmacy owes a customer a duty of reasonable care. Pharmacists are required to exercise that degree of care that an ordinarily prudent pharmacist would under the same or similar circumstances. Marjorie A. Shields, Annotation, Exemplary or Punitive Damages for Pharmacist’s Wrongful Conduct in Preparing or Dispensing Medical Prescription — Cases Not Under Consumer Product Safety Act, 109 A.L.R.5th 397, § 2 (2003); see Pittman v. Upjohn Co., 890 S.W.2d 425, 434 (Tenn.1994) (stating pharmacists have duty to exercise standard of care required of pharmacy profession in same or similar communities); Schaerrer v. Stewart’s Plaza Pharmacy, Inc., 79 P.3d 922, 933 (Utah 2003) (reiterating that pharmacist has generally recognized duty to possess and exercise reasonable degree of skill, care, and knowledge that would be exercised by reasonably prudent pharmacist in same situation).
In McLeod, a breach of warranty case, the issue before the Florida Supreme Court was whether a pharmacy could be held strictly liable for its failure to warn a customer of the possible dangers of using the drug it dispensed in accordance with a doctor’s prescription. 174 So.2d at 738. The court rejected any imposition of strict liability and stated that a pharmacist “who sells a prescription warrants that (1) he will compound the drug prescribed; (2) he has used due and proper care infilling the prescription (failure of which might also give rise to an action in negligence); (3) the proper methods were used in the compounding process; [and] (4) the drug has not been infected with some adulterating foreign substance.” Id. at 739 (emphasis added). The McLeod court was not dealing with a complaint grounded in negligence, id. at 738, and specifically noted that a cause of action for negligence might arise when a pharmacist does not use due proper care in filling the prescription, id. at 739. However, the court did not say what circumstances might give rise to a negligence claim against a pharmacist.
Florida decisions since McLeod provide guidance. In Dee v. Wal-Mart Stores, Inc., 878 So.2d 426, 427 (Fla. 1st DCA 2004), a doctor prescribed a painkiller containing fentanyl to a patient who had had a Cesarean section. The prescription had no time limit on it. Four months after the prescription was written, the patient had it filled to treat an ankle injury. She died in her sleep as a result of toxic overexposure to fentanyl. The plaintiff alleged that the lack of a time limit on the prescription rendered it unreasonable on its face. The prescribed painkiller was likely to be fatal if taken by a person who was not on a particular drug regimen. The plaintiff asserted that a pharmacist, viewing the date on the prescription, would reasonably have concluded that by that time, the patient was not on the proper regimen, and should have warned the patient or sought authorization from the prescribing physician before dispensing the drug. Id. at 427-28. The trial court dismissed the complaint, but the First District Court of Appeal reversed, finding that the allegations stated a cause of action in negligence. Id. at 428. Relying on McLeod, the Dee court noted that a pharmacy must use due and proper care in filling a prescription. Id. at 427. The court held that a pharmacy that fills a prescription that is unreasonable on its face may breach its duty of care, even if the prescription is lawful as written. Id.
The Fourth District Court of Appeal clarified McLeod further in Powers v. Thobhani, 903 So.2d 275 (Fla. 4th DCA 2005). *182 In Powers, it was alleged that the decedent’s doctor . had been overprescribing narcotics to her for several months, and she eventually died of an overdose. Id. at 276-77. The decedent’s husband sued the prescribing doctor and the two pharmacies that had filled the prescriptions. In the case of the pharmacies, he argued that they had filled every prescription without question, including numerous prescriptions so close together that the pharmacies should have been put on notice that his wife was getting too many pills within too short a period. Id. at 277. The trial court held that pharmacies have no duty to act in such Circumstances. The Fourth District reversed, relying on Dee and McLeod, and holding that those cases “confirm that factual circumstances exist under which negligence liability can be imposed on a pharmacy for failing to use due and proper care in filling prescriptions, even if the prescription is filled in accordance with the physician’s instructions.” Id. at 278. The court found that it was possible that the repeated filling of dangerous and frequently abused medications, without warning of their risks, might constitute a failure to use due and proper care. Id. at 279.
We agree with Powers and hold that a pharmacist’s duty to use due and proper care in filling a prescription extends beyond simply following the prescribing physician’s directions. In the instant case, accepting the allegations of the amended complaint as true, Pharmacy filled, without question, numerous prescriptions that were so close together that Pharmacy should have been put on notice that Mr. Porter was getting too many pills within too short a period — similar to the pharmacies in Powers. We refuse to interpret a pharmacist’s duty to use “due and proper care in filling the prescription” as being satisfied by “robotic compliance” with the instructions of the prescribing physician. See Arrington v. Walgreen Co., 664 F.Supp.2d 1230, 1232 (M.D.Fla.2009) (holding that, under Florida law, customer’s cause of action against pharmacy arising from pharmacist’s alleged failure to warn customer that prescription contained substance to which customer was allergic when filling prescription was sufficient to plead that pharmacy had duty to use proper care in filling prescription beyond simply following prescribing physician’s directions).
Our decision in Estate of Sharp does not conflict with Powers. See also Your Druggist, Inc. v. Powers, 934 So.2d 1182 (Fla.2006) (where supreme court initially granted review based on certified conflict between Estate of Sharp and Powers, but later declined to exercise jurisdiction after determining, without explanation, that there was no actual conflict). In Estate of Sharp, the issue was whether the plaintiff sufficiently alleged a negligence claim against Omnicare, an entity providing consulting pharmacy services to the nursing home in which the decedent resided. 879 So.2d at 36. The plaintiff alleged, among other things, that Omnicare failed to review the decedent’s drug regimen and failed to detect from her records that her drug regimen was not effectively treating her medical conditions. Id. After reviewing the plaintiffs allegations, we concluded that Omnicare, the consultant pharmacy service provider for the nursing home, was not liable for the administration of medications that the nursing home provided to the decedent or that her physicians prescribed. We reasoned that Omnicare could not be held liable for duties that are ordinarily owed by a caretakér of the patient or the physician who has the duty to know the drug that he is prescribing and to properly monitor the patient. See also Badger Acquisition, 983 So.2d 1175 (holding that consulting pharmacist did not owe legal duty to decedent that could support negligence claim because it had not increased risk to decedent as harm from *183 pharmaceutical regime was ultimately-caused by physician who prescribed medication and nursing home staff that administered medicine).
The allegations in this case are substantially different than those described in Estate of Sharp. Unlike here, where Pharmacy interacted directly with Mr. Porter, in Estate of Sharp, the consultant pharmacy had no interaction with the decedent, but instead, dealt only with the nursing home. Accord Badger Acquisition, 983 So.2d at 1180-81 (explaining that under Florida law, role of consultant pharmacist is largely administrative, and is focused on record keeping, inventory, and establishing related procedures for handling medications, and qualifications to become licensed consultant pharmacist in administrative regulations also reflect ministerial role). More importantly, unlike Estate of Sharp, the prescriptions at issue here are alleged to be unreasonable on their face because they were written in a quantity, frequency, dosage, or combination that a reasonable pharmacist would either have checked with the prescribing doctor or warned the patient.[4] See Bustetter v. Armor Corr. Health Servs., Inc., 919 F.Supp.2d 1282, 1294 (M.D.Fla.2013). The allegations in the present case are more similar to the scenario described in Powers. We conclude Powers, not Estate of Sharp, applies. Based on the foregoing, we hold that the trial court erred in dismissing the negligence claims against Pharmacy. While we cannot say whether Oleckna’s claims will survive a summary judgment motion or prevail at trial, we are unwilling to hold, as a matter of law, that Pharmacy was not negligent in filling the prescriptions.
REVERSED and REMANDED.
BERGER and LAMBERT, JJ., concur.

. Ms. Oleckna is the personal representative of the Estate of Steven Porter.

. Hydrocodone is a Schedule II and III narcotic, and a controlled substance. Oxycodone is a Schedule II narcotic and controlled substance. Alprazolam is a Schedule IV controlled substance. See § 893.03, Fla. Stat. (2010). "A substance listed in Schedule II has ‘a high potential for abuse and has a currently accepted but severely restricted medical use in treatment in the United States, and abuse of the substance may lead to severe psychological or physical dependence.' ” Hayes v. State, 750 So.2d 1, 4 (Fla.1999) (quoting § 893.03(2), Fla. Stat.).

. Oleckna also brought a negligence action against Dr. Hunt, who settled his case.

. The Florida pharmaceutical regulatory statutes and administrative codes do not create a private cause of action against pharmacists. See Badger Acquisition, 983 So.2d at 1182; Johnson v. Walgreen Co., 675 So.2d 1036, 1038 (Fla. 1st DCA 1996). However, they do describe the duties of Florida pharmacists. Powers, 903 So.2d at 278. Section 465.003(6), Florida Statutes (2011), provides that
[a]s an element of dispensing, the pharmacist shall, prior to the actual physical transfer, interpret and assess the prescription order for potential adverse reactions, interactions, and dosage regimen she or he deems appropriate in the exercise of her or his professional judgment, and the pharmacist shall certify that the medicinal drug called for by the prescription is ready for transfer. The pharmacist shall also provide counseling on proper drug usage, either orally or in writing, if in the exercise of her or his professional judgment counseling is necessary.
See also Fla. Admin. Code R. 64B16-27.300, 64B 16-27.820. Florida pharmacists are specifically charged with general knowledge of prescription medication and the risks presented by taking particular prescription drugs, such that they should be able to evaluate and explain the operative risks of taking a medication or series of medications. In essence, a strong policy basis already exists supporting a pharmacist’s duty to warn customers of the inherent risks in filling repeated and unreasonable prescriptions with potentially fatal consequences. Powers, 903 So.2d at 278.