LaROSE, Judge,
concurring in part and dissenting in part.
I concur, without reservation, in the court’s affirmance of the trial court’s deci-sión to dismiss count VII of the second amended complaint. A cause of action for negligence per se cannot stand.
I respectfully dissent from the court’s holding that the second amended complaint alleged facts sufficient to impose on the Pharmacist a duty to' use due and proper care in filling a prescription for Mr. Sorenson’s ultimate use. ' Certainly, there may be cases where a compounding pharmacy owes a duty of care in filling a prescription for a patient. See McLeod v. W.S. Merrell Co., Div. of Richardson-Merveil, Inc., 174 So.2d 736, 739 (Fla.1965). This is not that case. In my view, the second amended complaint fails to allege ultimate facts showing any duty owed by the Pharmacist. See Fla. R. Civ., P. 1.110(b)(2); Mather v. Northcutt, 698 So.2d 101, 101 (Fla. 2d DCA 1992) (“To state a, cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty in the defendant to protect the plaintiff from the injury of which he now complains.” (citing Ankers v. District School Bd. of Pasco Cty., 406 So.2d 72, 73 (Fla. 2d DCA 1981))); Estate of Sharp v. Omnicare, Inc., 879 So.2d 34, 36 (Fla. 5th DCA 2004) (concluding that the complaint’s allegations failed to discern a duty that the pharmacy owed to the plaintiff). Accordingly, I would affirm the dismissal of count VI.
The second amended complaint alleges that the Pharmacist failed, to -“reasonably determine [Mr. Sorenson’s) -medical history arid condition prior to dispensing a highly potent prescription of a controlled substance — ” As I understand the allegations, I.see no such duty. Unlike the situations in Oleckna v. Daytona Disc. Pharmacy, 162 So.3d 178 (Fla. 5th DCA 2015), and Powers v. Thobhani, 903 So.2d 275 (Fla. 4th DCA 2005), there is no allegation that the Pharmacist had any prior dealings with Mr. Sorenson. Nothing indicates . that the Pharmacist- ever. filled a prescription for Mr. Sorensón or on the order of Mr. Sorenson’s pain management physician in Ohio. Allegedly, Mr. Soren-son’s Ohio physician had previously prescribed hydromorphone- for Mr. Sorenson in a concentration of -10 mg/mL. The second amended complaint does not allege that the Pharmacist filled that prescription.
We do know that Mr. Sórensón presented to the Charlotte" Pain Management Center as recommended by his Ohio physician. A physician at Charlotte Pain prescribed hydromorphone. A copy of the prescription is not in our record. The court reasonably assumes, however, that the Charlotte Pain physician ordered a concentration of 30 mg/mL, .three times higher than previously ordered by Mr. Sorenson’s Ohio physician. Allegedly, the Charlotte Pain physician forwarded the prescription to .the Pharmacist, who, in turn, filled it. The Pharmacist sent the allegedly fatal concentration of hydromor-phone to the Center. A physician at Charlotte Pain administered the hydromor-phone to Mr. Sorenson a couple of days after his initial visit.
The source of any alleged duty owed by the Pharmacist to Mr. Sorenson hinges on the conclusory allegation that the prescription was “unreasonable on its face due to *936 the potency and strength” of the medication. Consequently, the Pharmacist, as the second amended complaint alleges, had a duty to determine Mr. Sorenson’s health history, investigate his prior doses, ascertain the type of pain pump he used, and inquire about pain pump settings. Strikingly, the second amended complaint alleges no facts from which one could say that the prescription, as written, was inappropriate so as to trigger some duty on the part of the pharmacy. See Dee v. Wal-Mart Stores, Inc., 878 So.2d 426, 427 (Fla. 1st DCA 2004) (alleging that the prescription rendered was unreasonable on its face because it lacked a time limit); Oleckna, 162 So.3d at 182 (holding that allegations that the pharmacist filled too many prescriptions too close in time should have put pharmacist on notice). The second amended complaint fails to tell us why the Pharmacist should have hesitated.. Despite what I see as' a pleading deficiency, the court imposes an undue burden of investigation on a compounding pharmacy. Even the cases relied upon by the court demonstrate the need for some factual setting from which to impose duties such as those claimed by the second amended complaint.
Taken to its logical ’ conclusion, the court’s decision will require a compounding pharmacy, upon receipt of a prescription for a new patient, to contact the prescriber to inquire about the patient’s history and course of treatment, even if the prescription appears regular on its face. I know of no law or regulation that requires such a burdensome inquiry.